**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 13 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| In the Matter of: THORPE INSULATION CO., <br><br> Debtor, <br><br>———————————————<br><br> MOTOR VEHICLE CASUALTY COMPANY; CENTRAL NATIONAL INSURANCE COMPANY OF OMAHA, <br><br> Appellants, <br><br> v. <br><br> THORPE INSULATION CO.; PACIFIC INSULATION COMPANY, <br><br> Appellees. | No. 09-55380 <br><br> D.C. No. 2:08-cv-08496-DSF <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted March 5, 2010
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: CANBY and W. FLETCHER, Circuit Judges, and TUNHEIM, District Judge.**

Motor Vehicle Casualty Company ("Motor Vehicle") and Central National Insurance Company ("Central National") appeal an order of the District Court for the Central District of California dismissing their appeal of a bankruptcy court order approving a settlement agreement between Thorpe Insulation Company ("Thorpe") and General Insurance Company of America ("General Insurance"). The agreement provided for General Insurance to purchase, or "buy back," several insurance policies it had issued to Thorpe, effectively terminating the policies. The bankruptcy court approved the settlement agreement and the sale of the policies to General Insurance, finding that the settlement had been negotiated in good faith and that General Insurance was a good faith purchaser of the policies.

Motor Vehicle and Central National appealed the bankruptcy court's order to the district court, but did not seek or secure a stay of the bankruptcy court's order. The district court dismissed the appeal as moot because the appellate proceedings could have no effect on the sale of the policies that Motor Vehicle and Central National challenged. The district court based its decision on 11 U.S.C. § 363(m), which provides:

---

** The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

2

> The reversal or modification on appeal of an authorization . . . of a sale or lease of property does not affect the validity of a sale or lease . . . to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (2006). The district court held that sufficient evidence supported the bankruptcy court's finding of good faith, so the appeal could not undo the policy sales.

Motor Vehicle and Central National now appeal the district court's dismissal, challenging only the bankruptcy court's finding of good faith in the settlement and sale and the evidence supporting that finding. We reject that challenge.

The bankruptcy court's finding of good faith, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. We review the interpretation and application of local rules for abuse of discretion. *In re Lehtinen*, 564 F.3d 1052, 1058 (9th Cir. 2009).

In support of its motion for approval of the settlement agreement, Thorpe submitted a declaration prepared and executed by its president Robert W. Fults, in which Fults attested that the agreement "was negotiated at arms-length and in good

faith." Motor Vehicle and Central National object to the sufficiency of this declaration on the ground that it is conclusory and failed to include foundational facts regarding Fults's first-hand knowledge of the negotiations. Motor Vehicle's and Central National's objection to Fults's declaration, however, was untimely, as was their notice to depose Fults. The bankruptcy court overruled the objection, observing that "the Objection to the Fults Declaration was filed [eleven days late] . . . in violation of Local Bankruptcy [Rules]" and that "any rights . . . to depose Mr. Fults [had been waived] by failing to file timely notice." The court went on to find that Thorpe and General American had negotiated "extensively, at arm's-length, [and] in good faith." On the basis of those and many other factors (including, as the district court pointed out, the bankruptcy court's own observations), the bankruptcy court approved the agreement.

Under the local bankruptcy rules at the time, evidentiary objections to declarations not filed with the responsive papers "may be deemed waived." Loc. Bankr. R. 9013-1(a)(13)(B) (Bankr. C.D. Cal. 2008). Motor Vehicle and Central National filed their objection to the declaration thirty-two days after the filing of the Declaration, eleven days after the deadline for filing such an objection, and a bare three days before the hearing on Thorpe's motion for approval of the settlement agreement. *See id.*; *id.* 9013-1(a)(7) ("[E]ach interested party opposing

4

. . . the motion shall file and serve [the opposing papers] not later than 14 days before the date designated for hearing . . . .") *See also* Fed. R. Evid. 103(a) ("Error may not be predicated upon a ruling which admits . . . evidence unless a substantial right of the party is affected, and . . . a timely objection or motion to strike appears of record . . . ."). The bankruptcy court did not abuse its discretion in rejecting the late objection.

As the record stands, therefore, Thorpe made a prima facie showing of good faith, and that showing went without rebuttal. Motor Vehicle and Central National proffered no evidence that would support a finding of bad faith or cast doubt on the integrity of the negotiations. The bankruptcy court's finding of good faith was, accordingly, supported by sufficient evidence, and the district court did not err in upholding it.[1]

The district court's order dismissing the appeal of Motor Vehicle and Central National as moot is

**AFFIRMED**.

---

[1] Motor Vehicle and Central National have requested that we take judicial notice of affidavits of good faith filed with regard to settlements in other, unrelated litigation. We deny the request.